UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WILSON,

        Plaintiff,

                                   CASE NO. 2:06-cv-10794
v.                                      HONORABLE LAWRENCE P. ZATKOFF

RUM ANDISON, PATRICIA CARUSO,
RUO LENNOX and RUO KRAUSS,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

This matter is pending before the Court on Kenneth Wilson's civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner who has been granted leave to proceed without prepayment of the fees and costs for this action. Defendant Patricia Caruso is the Director of the Michigan Department of Corrections. The other defendants are employed at the state prison in Adrian, Michigan. Defendant Andison is a Resident Unit Manager, and defendants Lennox and Krauss are resident unit officers.

The complaint alleges that correctional officers in Plaintiff's housing unit have repeatedly confiscated Plaintiff's legal materials and prevented Plaintiff from pursuing his interest in commercial law. Plaintiff alleges that defendant Andison upholds the confiscations of property at administrative hearings and that the defendants' actions infringe on Plaintiff's constitutional right of access to the courts, his right to due process of law, and his right to equal protection of the law. He seeks declaratory, injunctive, and monetary relief.

## II. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

The defendants are state actors, but Plaintiff has failed to show that they deprived him of a federal right. Although prisoners possess a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977),

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996) (emphasis in original).

Exhibits to the complaint indicate that the materials confiscated from Plaintiff were related to the Uniform Commercial Code (UCC). Because the materials were intended to help Plaintiff with commercial matters and not to challenge his conviction or to assert a violation of constitutional rights, Plaintiff's right of access to the courts was not violated.

Nor has Plaintiff shown a violation of his rights to due process and equal protection of the law. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). Due process also requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff was afforded due process when he was given notice and a hearing on the charge of possessing contraband (UCC documents). *See* exhibits to the complaint.

The Equal Protection Clause is violated when a law adversely affects a suspect class or invades a fundamental right, unless the law is tailored to serve a compelling state interest. *Harbin-Bey v. Rutter,* 420 F.3d 571, 576 (6th Cir. 2005) (citing *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985)). The Michigan Department of Corrections treats UCC materials as contraband. However, "[i]nmates are not a suspect class," *id.*, and Plaintiff's claims do not involve the denial of a fundamental right, because he has no constitutional right to pursue commercial litigation. *See Casey*, 518 U.S. at 355. Thus, Plaintiff's right to equal protection of the law was not violated when officials confiscated his UCC documents.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law. Therefore, the complaint is DISMISSED as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal

from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  April 17, 2006

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 17, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290